# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Case No. 4:21-cv-273 |
| v. ) ) ) | **JURY TRIAL DEMANDED** |
| LIANGTONG PAN, ) ) ) Serve: Liangtong Pan ) 1425 Merganser Blvd. ) Belleville, IL 62226 ) ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Plaintiff State Automobile Mutual Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment against Defendant Liangtong Pan, states as follows:

### PARTIES, JURISDICTION AND VENUE

**1.**     Plaintiff State Automobile Mutual Insurance Company ("Plaintiff") is, and at all times material hereto was, a corporation incorporated under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. Plaintiff is licensed and authorized to do business as an insurance company in the State of Missouri and is authorized to execute and deliver contracts for property insurance in the State of Missouri.

**2.** Defendant Liangtong Pan ("Defendant") is a resident of St. Clair County, Illinois. At all times material hereto, Defendant was a named insured on a policy of insurance issued by Plaintiff, which is involved in this litigation.

**3.** Diversity of citizenship exists and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and jurisdiction is proper pursuant to 28 U.S.C. § 1332.

**4.** Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that the events giving rise to this action occurred in this judicial district and all of the property involved is situated in this judicial district.

### GENERAL ALLEGATIONS

**5.** This declaratory judgment action is made in accordance with and pursuant to Federal Rule of Civil Procedure 57, as a controversy exists between the parties concerning their respective rights under insurance policy number 1000151917 (hereinafter "Policy") issued by Plaintiff to Defendant. (Exhibit A, a true and accurate copy of the insurance policy attached hereto and incorporated herein).

**6.** Plaintiff brings this action seeking the interpretation of the Policy described below and a declaration of its rights and obligations thereunder.

**7.** There exists an actual case or controversy of justiciable nature between Plaintiff and Defendant concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is imminent and inevitable. Resolution of matters raised in this action will dispose of all issues between the parties under the Policy.

8. All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under the Policy.

### INSURANCE POLICY AND RELEVANT POLICY PROVISIONS

9. Plaintiff issued an insurance policy to Defendant for the property located at 2758-2760 Chariton Street, St. Louis, MO 63111, policy number 1000151917, with a policy period of March 17, 2019 to March 17, 2020. (*See* Exhibit A).

10. The following provisions of the insurance policy, *inter alia*, apply in this case:

> **G. Appraisal**
>
> If you or we fail to agree on the actual cash value or the amount of loss, an appraisal may take place. On the written request of either, each party shall select a competent and impartial appraiser within 20 days after receiving the request form the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set both the actual cash value and the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the actual cash value or the amount of loss. If the appraisers fail to agree, they will submit their differences to the umpire. The umpire shall make an award within 30 days after receiving the appraisers' submissions of their differences. A decision agreed to by any two will set the amount of actual cash value and loss.
>
> Each party will:
> **1.** Pay its own appraiser; and

3

**2.** Bear the expenses of the appraisal and the umpire equally.

\*\*\*

### UNDERLYING FACTS

11. On or about March 19, 2019, while the aforesaid policy was in full force and effect, the insured building located at 2758-2760 Chariton Street, St. Louis, MO 63111 ("Property"), sustained damage as a result of a fire.

12. After inspection, Plaintiff determined the loss to be a partial loss and tendered to Defendant $69,000 for the amount of the loss to the Property.

13. Under advisement by public adjuster Paul Abrams of Edwin-Claude, Inc., Defendant asserted that the loss was a total loss.

14. Defendant hired Paul Abrams of Edwin-Claude Inc. to act as his public adjuster on March 19, 2019. In their engagement contract, Defendant granted Edwin-Claude, Inc. limited power of attorney and Defendant agreed to pay a dollar amount or percentage of the agreed repair or replacement cost value as well as granted Edwin-Claude, Inc. a lien against the insurance proceeds and property.

15. From March 19, 2019, until February 2020, Paul Abrams represented himself as Defendant's representative and advocate to Plaintiff and the Missouri Department of Insurance, working on Defendant's behalf and advising Defendant.

16. On February 8, 2020, Paul Abrams notified counsel for Plaintiff that he was converting his contract with Defendant to an Appraisal Agreement.

**17.** Plaintiff notified Paul Abrams on several occasions that it did not consider him capable of acting as an impartial or disinterested appraiser in this matter, in particular because of his ongoing relationship as a public adjuster and advocate on behalf of Defendant. Paul Abrams acknowledged Plaintiff's determination of his status.

**18.** On or about July 1, 2020, Plaintiff agreed to a formal appraisal process, identified its disinterested appraiser, Wade Higgins, in accordance with the terms of the policy, and requested the identity of Defendant's disinterested appraiser.

**19.** Following Plaintiff's disclosure of Wade Higgins as Plaintiff's selected appraiser and Plaintiff's request for the identity of Defendant's competent impartial appraiser, Paul Abrams did not notify Plaintiff that he intended to proceed as Defendant's appraiser, a selection Plaintiff would have challenged. Instead, he replied with vague references that he believed he had already notified Plaintiff of Defendant's appraiser and that he could personally vouch for the impartiality of Defendant's appraiser.

**20.** From July 2020 until December 2020, Plaintiff continued to request the identity of Defendant's disinterested appraiser on numerous occasions. During this time, Paul Abrams was aware Plaintiff did not consider him an eligible disinterested appraiser as required by the Policy.

**21.** Unknown to Plaintiff, during this time Paul Abrams acted as Defendant's undisclosed appraiser and proceeded with the appraisal process with Plaintiff's disclosed and disinterested appraiser, Wade Higgins.

22. During this time, Paul Abrams directed Wade Higgins not to have contact with Plaintiff, claiming that would affect his partiality, and claiming he was not in contact with Defendant. However, Paul Abrams continued to represent and advise Defendant in this matter.

23. Without Plaintiff's knowledge or consent, Paul Abrams represented Defendant as his appraiser from July 2020 through December 2020, and he improperly influenced the appraisal through such actions as directing the umpire to use an improper method to determine the actual cash value of the property.

24. On January 6, 2021, Wade Higgins notified Plaintiff that an appraisal had occurred, with Paul Abrams as Defendant's appraiser, and forwarded the appraisal award.

### COUNT I – DECLARATORY JUDGMENT

25. Plaintiff incorporates paragraphs 1 through 24 as if set forth herein.

26. In Missouri, when parties agree in an insurance policy to determine the amount of loss by an appraisal process, the individuals selected to act as appraisers must not be interested, biased, or prejudiced.

27. The appraisal provision of the Policy, as quoted above, further requires the selected appraisers be competent and impartial.

28. Paul Abrams was not impartial due to his long history of acting as a public adjuster and advocate on behalf of Defendant, and his financial interest in the outcome of Defendant's insurance claim.

**29.** Paul Abrams was precluded by the terms of the Policy and Missouri law from acting as Defendant's competent and impartial appraiser.

**30.** Plaintiff seeks a declaration that Paul Abrams is precluded from acting as the appraiser for Defendant to determine the amount of loss by an appraisal process, because he is improperly partial and interested in this conflict so as to violate the terms of the Policy and Missouri law.

**30.** Moreover, Plaintiff seeks a declaration vacating the appraisal award, because it is the product of Paul Abram's efforts as a partial and interested appraiser, which violated the terms of the Policy and Missouri law.

**31.** Finally, Plaintiff seeks an order requiring the parties to reinitiate the appraisal process, with competent and impartial appraisers as required by the terms of the Policy and Missouri law.

**32.** Plaintiff has sustained damage as a result of the invalid and improper appraisal process, in that the appraisal process determined that Plaintiff was required to pay $314,500.00 under the Policy using an improper method of calculating the scope of the loss for the Property.

**WHEREFORE** Plaintiff State Automobile Mutual Insurance Company respectfully requests that this Court: (1) determine the rights and obligations of the parties under the insurance policy and to enter a judgment construing the insurance policy including the applicable appraisal provisions thereunder in favor of Plaintiff State Automobile Mutual Insurance Company and against Defendant Liangtong Pan; (2) disqualify Paul Abrams as a non-disinterested appraiser; (3) vacate the appraisal award as it is based on Paul Abrams's efforts;

7

(4) to order the parties to reinitiate the appraisal process as mandated by the terms of the Policy; and (5) for any and all further relief that the Court deems just and proper under the circumstances.

    Respectfully submitted,

*/s/ Corey L. Kraushaar*
Corey L. Kraushaar, #51792
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
ckraushaar@bjpc.com

***ATTORNEY FOR STATE AUTOMOBILE MUTUAL INSURANCE COMPANY***

25556390